In care of:
United States Bankruptcy Court
Western District Of Wisconsin

FILED/REC'D
2010 SEP 21 AM 9:58
BANK CLERK
U.S. BANKRUPTCY COURT
WD OF WI

case number 1-10-00212-58

In re: Thomas John Albamonte and Sherry Marie Albamonte     Chapter 13
Debtor(s)     Case No. 10-12748

---

Thomas & Sherry Albamonte
   Plaintiffs                                    **Defendant Statement**

V.

Dale Knipfel, d/b/a/ K&S Home Improvement
   Defendant                                   case No 10-00212

---

The Following is a statement of the Defendant outlining each Cause of Action, Relevant Statutes, and Contentions of Fact in support of the causes and action.

Cause Of Action
1. The above-referenced Defendant Dale Knipfel d/b/a K&S Home Improvement (here in After
   "Defendant"),
   we the Defendant will give the court evidence as to why the Debtors should not be allowed to avoid are lien on their home under ss 523(a)(2)(a) of the bankruptcy code. Thomas Albamonte

2. The Debtors filed a Chapter 13 Bankruptcy on April 9, 2010 in the Western District of Wisconsin with intent to defraud K&S Home Improvement.

3. The Debtors home is worth more then the Wisconsin tax assessment of (66,600.00) that they claim.

4. The Albamonte signed contracts with us saying we would be paid.

Contentions of Fact

1. The Debtors told me (Dale Knipfel) that we would be paid from the check that State Farm Insurance sent them to do the repairs and we could start the work when we asked for another down payment they said that they had spent the rest of the money. We stopped all work at that time . (Exhibit E ) will show that we relied on the statement that we would be paid. besides that I have 3 witness to state that the debtors said they had put the insurance check in the bank to pay for the job.

2. The debtors did not tell or show that K&S Home Improvement had a lien on their home instead they said it was in collection when in fact it was not they tried to defraud us in the

2233

bankruptcy proceeding . The debtors is in violation of .
18 U.S. Code ss157.(A)(1)(2)(3) and 152 (1)(2)(3) 523(a)(2)(a)

3. See how they said there house was worth 100,000.00 after we remolded it. This was said at the creditor's meeting and under oath. And the Debtors have not shown any evidence from their bank on what the house was appraised for when they got their home loan . A bank will not give you a loan for 89,000.00 when you say it is only worth 66,600.00 on a tax assessment they go off from a appraisal done on the house . The Debtors should have to produce the bank appraisal before the court should consider that it is only worth 66,600.00. The house should be worth 27.000.00 more then what the bank appraisal is this was what they spent in remolding the house, and it is lake front property. A copy of the creditor's meeting on tap from the US Trustee office is sent along with this (exhibit D).

4. I would like to put in to evidence all my Exhibits from my Motion for dismissal case they are exhibit's C-14 this will show why Dale Knipfel D/B/A K&S Home Improvement should be Entitled a 523(a)(2)(a).

5. Fact the Albamonte's had signed contracts with us and a work authorization that we relied on,
So we knew we would be paid when he signed this and we did not get paid and the plaintiffs used the insurance money for other things, like spending $4,000 to go to Walt Disney World in Florida, and buying a stainless steal microwave. He committed fraud under ss523(a)(2)(a) with excepts from discharge "any debt for money, property, services, or an extension , renewal, or refinancing of credit, to the extent of obtained by actual fraud.

6. The Albamonte's both violated US Bankruptcy Code (18 U.S.C ss157(a)(1)   157(a)(2)  157(a)(3)
Exhibit 1

7. The Albamonte's both violated US Bankruptcy Code (18U.S.C ss1519 and 18U.S.C 152(3)
Falsifying documents with in tent to impede or obstruct the administration of a bankruptcy case.

8. The Albamonte's both violated US Bankruptcy Code (18U.S.C 152(1) and 152(2)  152(3)
Concealing his ownership interest in a business.

9. Therefore the Defendant request the following relief:
   (1) An order avoiding any request by the Debtors for unsecured claim
   (2) A determination that are lien is a secured claim under 523(a)(2)(a)
   (3) We ask for a "Relief from stay"

09-15-2010
Dale Knipfel D/B/A K&S Home Improvement
N1856 Hill Rd
Mauston Wi 53948    (608) 847-3222

Copies sent to
US Federal Courthouse
Bankruptcy Clark
500 S. Barstow Street
P.O.Box5009
Eau Claire,WI 54702-5009

Attorney
Chad Schomburg
Debt Advisors.
2222 N Mayfair Rd
Milwaukee WI 53226

Bankruptcy Trustee
William Chatterton
Suite 1000
131 W Wilson St
Madison,WI 53703-3260

US Trustee Office
780 Regent St
Suite 304
Madison WI 53715